**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12733

Non-Argument Calendar

————————————

STAR BORROWER SFR5 LP,

*Plaintiff-Appellee,*

*versus*

SAMMY HUGGINS, et al.,

*Defendants,*

STEVEN HUGGINS,
   and all others,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-04266-SDG

————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-12733

Steven Huggins, proceeding pro se, filed a notice of appeal purporting to appeal an order recommending remand of his petition for removal.  The district court's docket, however, does not reflect such an order, and Huggins cannot appeal a nonexistent or expected order.  *See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (holding that a notice of appeal must designate an already existing judgment or order, not one that is merely expected to be entered sometime in the future or that is, or should be, within the appellant's contemplation when the notice of appeal is filed).  Further, the district court has not entered any final, appealable order, as Huggins's petition remains pending.  *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"); *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) ("A final decision is typically one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.").

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.